Matter of Coe (2024 NY Slip Op 04134)

Matter of Coe

2024 NY Slip Op 04134

Decided on August 7, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
CARL J. LANDICINO, JJ.

2024-02003

[*1]In the Matter of Laurie MacDonald Coe, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1968577)

APPLICATION pursuant to 22 NYCRR 1240.10 by Laurie MacDonald Coe, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 27, 1985, to resign as an attorney and counselor-at-law.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District
Foley Griffin, LLP, Garden City, NY (Thomas Foley), for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Laurie MacDonald Coe, has submitted an affidavit sworn to on March 5, 2024, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in her affidavit that she is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District, involving allegations that she (1) engaged in conduct prejudicial to the administration of justice by failing to render an accounting in two estate matters as directed by court order; (2) neglected two estate matters; and (3) commingled personal funds with those received incident to her practice of law. The respondent avers that she cannot successfully defend against the allegations based upon the facts and circumstances of her professional misconduct as described herein.
The respondent also avers that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
The respondent attests that the Grievance Committee's investigation does not include allegations that she willfully misappropriated or misapplied money or property and therefore, there are no issues of restitution. Notwithstanding the absence of any restitution to be made, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting her resignation, she will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts her [*2]resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, BARROS, CONNOLLY and LANDICINO, JJ., concur.
ORDERED that the application of the respondent, Laurie MacDonald Coe, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Laurie MacDonald Coe, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Laurie MacDonald Coe, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Laurie MacDonald Coe, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Laurie MacDonald Coe, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court